# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action 25-cv-01048-DDD-TPO

J.P.P.,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security,
PAMELA BONDI, in her official capacity as United States Attorney General, and
DAWN CEJA, in her official capacity as Warden of Aurora Contract Detention Facility,

    Defendants.

## UNOPPOSED MOTION BY DEFENDANTS TO RESTRICT ACCESS TO ECF No. 14

Pursuant to D.C.COLO.LCivR 7.2, Defendants move for a Level 1 restriction on ECF No. 14 because the information therein would reveal Plaintiff's identity, and Plaintiff has moved to proceed under a pseudonym due to his allegations that public disclosure of his identity would create a serious risk of physical danger. Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Plaintiff's counsel about this request, and the motion is unopposed.

### BACKGROUND

Plaintiff alleges that he is a citizen of Venezuela who is subject to a final removal order to Venezuela. ECF No. 1 ¶ 2. Plaintiff seeks an order enjoining Defendants from removing him "to a third country" other than Venezuela. *See id.* at 29-30 (Prayer for Relief). Contemporaneously with the Complaint, Plaintiff filed a motion to appear under a pseudonym

1

due to the "sensitive nature of Plaintiff's immigration history and the serious risk of physical danger in Venezuela and El Salvador that could result from public disclosures of his name or identity." ECF No. 2 at 1-2.

On the same date he filed the Complaint, Plaintiff also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion for TRO") requesting that the Court enjoin Defendants "from effecting his removal to a third country without first providing written notice and an opportunity to apply for statutory withholding and CAT protection before an IJ." ECF No. 5 at 18. In response to the Motion for TRO, Defendants filed a Status Report notifying the Court that, among other things, Plaintiff was scheduled to be removed to Venezuela, not another country. ECF No. 13 at 2. Defendants submitted a copy of Plaintiff's removal order as an exhibit to the Status Report under Level 1 Restriction. *See id.*; *see also* ECF No. 14. The removal order contains identifying information about Plaintiff.

## ARGUMENT

The Court has discretion to determine whether a particular court document should be sealed (restricted) or released. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978) (holding that a district court "has a responsibility to exercise an informed discretion as to release" of court materials); *see also Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754 (10th Cir. 2009) ("Whether judicial records should be sealed is a matter left to the sound discretion of the district court" (cleaned up)). Pursuant to D.C.COLO.LCivR 7.2(b), "[t]here are three levels of restriction. Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court." To support a motion to restrict, the moving party must:

    1)    identify the document or the proceeding for which restriction is sought;

    2)    address the interest to be protected and why such interest outweighs the presumption of public access;

    3)    identify a clearly defined and serious injury that would result if access is not restricted;

    4)    explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

    5)    identify the level of restriction sought.

*See* D.C.COLO.LCivR 7.2(c)(1)-(5).

Here, application of these factors favors restricting public access to the removal order filed at ECF No. 14 under Level 1 Restriction.

**Factors one and five.** Defendants request that the Court restrict access to the removal order, ECF No. 14, under a Level 1 Restriction.

**Factors two and three.** Plaintiff alleges that he was previously tortured by Venezuelan police, that public disclosure of his identity "would broadcast deeply private information" about the allegations at issue in his asylum application, and that such disclosure "would expose him to further harm from" the Venezuelan government. ECF No. 2 at 4-5. Plaintiff further alleges that "[t]he act of seeking protection from persecution can itself provoke retaliation in authoritarian regimes." *Id.* at 6. Finally, he alleges that his wife and minor children could also be subjected to "retaliatory harm, harassment, or intimidation" in the event they are deported as well. *Id.* at 7.

Case No. 1:25-cv-01048-DDD-TPO   Document 22   filed 04/04/25   USDC Colorado
pg 3 of 7

The severity of these allegations outweighs any presumption of public access to information that would reveal Plaintiff's identity.

**Factor four.** Restricting access to the removal order, ECF No. 14, is necessary to adequately protect the alleged safety and privacy interests outlined above and ensure that any harm is minimized. Defendants summarized the relevant information in the removal order in the Status Report, i.e., that Plaintiff had been ordered to be removed to his country of origin, Venezuela.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, pursuant to D.C.COLO.LCivR 7.2, the Court issue an order restricting access to ECF No. 14 under a Level 1 restriction.

Dated: April 4, 2025.                    Respectfully submitted,

                                         J. BISHOP GREWELL
                                         Acting United States Attorney


                                         *s/ Jennifer R. Lake*
                                         Jennifer R. Lake
                                         V. William Scarpato III
                                         Assistant United States Attorney
                                         1801 California Street, Suite 1600
                                         Denver, Colorado 80202
                                         Telephone: (303) 454-0100
                                         Fax: (303) 454-0407
                                         jennifer.lake@usdoj.gov

                                         Counsel for Defendants

5

**CERTIFICATE OF COMPLIANCE UNDER DDD CIV. P.S. III(A)(4)**

I certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). The pleading contains 774 words including footnotes and excluding the caption, signature block, certificate of service, and this certificate of compliance.

                                               *s/ Jennifer R. Lake*
                                               Jennifer R. Lake

**CERTIFICATE OF SERVICE**

      I certify that on April 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients by e-mail:

Timothy R. Macdonald
ACLU of Colorado
303 East 17th Avenue
Suite 350
Denver, CO 80203
303-777-5482
Email: tmacdonald@aclu-co.org

Anna I. Kurtz
ACLU of Colorado
303 East 17th Avenue
Suite 350
Denver, CO 80203
303-777-5482
Fax: 303-777-1773
Email: akurtz@aclu-co.org

Sara R. Neel
American Civil Liberties Union
303 East 17th Street
Suite 350
Denver, CO 80203
303-777-5482
Fax: 303-777-1773
Email: sneel@aclu-co.org

Emma K. Mclean-Riggs
ACLU of Colorado
303 East 17th Avenue
Suite 350
Denver, CO 80203
206-861-3240
Email: emma.mclean.riggs@gmail.com

Elizabeth B. Jordan
Civil Rights Education and Enforcement Center
1245 East Colfax Avenue
Suite 400

6

      Denver, CO 80218
      303-757-7901
      Email: elizabeth.jordan@du.edu

      Counsel for Plaintiff J.P.P.

and I certify that on the same date I am causing the foregoing to be delivered to the following non-CM/ECF participants in the manner (mail, email, hand delivery, etc.) indicated by the nonparticipant's name:

      None.

                                                        *s/ Jennifer R. Lake*
                                                         Jennifer R. Lake